## SCHNURR v CINCINNATI ST. RY. CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 5899. Decided Jan 27, 1941

. Harmon. Colston, Goldsmith & Hoadly, Cincinnati; Henry B. Street, Cincinnati, and Harold K. Goldstein, Cincinnati, for appellee.

Leo J. Brumleve, Cincinnati, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County.

The plaintiff recovered a verdict of ten thousand dollars against the defendant. A number of errors are assigned by the defendant, none of which we find it necessary to consider in view of our conclusion as to the merits of the case.

The facts are, as claimed or admitted by the plaintiff, that he, for reasons best known to himself, in company with another young man crawled into the rear compartment of a one seated automobile. This compartment is a portion of the vehicle designed for baggage or articles to be transported in the car. It is immediately beneath what is commonly called the "turtle back". and is almost directly over the rear wheels of the car. It is obviously not designed for occupancy by passengers in the vehicle.

The plaintiff and his companion stretched out at full length in this baggage compartment, having raised the cover so that it was in an almost verticle position and fastened in this position with a device designed to hold it so while articles were being placed in or removed from the compartment. The heads of these young men were towards the front of the automobile, resting against the support of the seat of the car, which was occupied by two other men.

About one A. M., the driver of the vehicle drove it upon a street of the City of Cincinnati over which street

cars were operated, the tracks occupying the center of the street.

Both the street car and the automobile turned into the street at a distance some· quarter of a mile apart and from such point continued to approach each other. Plaintiff in his brief makes this statement: "At the very moment that the automobile .was rounding Higbee Street a dimly illuminated street car passed the Urwiler intersection on Harrison Avenue, located more than a quarter of a mile away and proceeded westwardly down the straightaway hill directly towards the oncoming automobile."

The astonishing fact. is that they continued to approach each other until they collided.

The photographs in evidence show that the left front corner of the street car was struck by the left front part of the automobile, which was crushed in by the force of the impact. One occupant in the front and rear was killed.

There are certain inescapable inferences from these facts.

The plaintiff, when he crawled into the baggage compartment, placed himself in a position where he was wholly unable to contribute in the slightest degree to his own safety in case of any emergency arising in the operation of the vehicle. He placed entire confidence in the driver of the automobile. He was completely helpless. He had absolutely no warning of approaching danger. He could not see the approaching street car. Even though a city ordinance prohibited riding in any part of a vehicle not designed for passengers, and such conduct by the plaintiff could not be considered the exercise of ordinary care for his own safety, we are still not required to consider this phase of the case, because of our conception of the whole circumstance.

It may not be amiss to here state, however, ·that in the same petition charging the defendant street car company with negligence, the plaintiff joined the estate of the driver of the vehicle, charging the decedent driver with wanton and wilful misconduct.

The estate of the driver was dismissed from the case.

Now the plaintiff in general charges the defendant with negligence, in that the street car was operated at a speed of some forty miles an hour in a closely built-up section of the city and the gong on the street car was out of order and could not be rung, and that the operator thereof failed to give warning of its approach, failed to keep a lookout, failed to have it under control, and that it failed to avoid a collision as it could have done.

Now it is also alleged and claimed that all of these forms of negligence at least contributed to cause the plaintiff's injuries.

Again, returning to our justifiable inferences from the facts, we are unable to so conclude.

The operator of the automobile knew that for some considerable distance, more than five hundred feet, he was driving his automobile down the track of the street railway company, over which at any time a street car might proceed toward him. He knew that the street car could not leave the track. He had ample room on the right side of the street to pass the street car. It was lighted, granted dimly lighted, but the street also was lighted. Certainly an object as large as a street car would be visible to the driver of an automobile for ·a considerable distance from the automobile's own lights, if from no other source. In spite of the plain presence of an approaching street car over tracks which the automobile is occupying, the operator of the automobile drives on directly toward it. What possible bearing, outside of the realm of conjecture and speculation, can the absence of a gong or the speed of the street car, have upon the cause of a collision under such circumstances? There was one cause of that collision and only one and that was the utter disregard of all care in the operation of the automobile in driving it head on into a street car that had been visible for some time, and was proceeding in a path which the driver knew must be followed by the

**662**

street car, and which he persisted in occupying with his vehicle. The sole proximate cause of the in- juries to the plaintiff was, therefore, the negligence of the driver of the automobile.

It is our conclusion, therefore, that the trial court should have instructed a verdict for the defend- ant, and having failed to do so, we reverse the judgment of such court and here render the judgment for the defendant, which the trial court ought to have rendered.

HAMILTON, PJ. and MATTHEWS, J., concur.