## BORTON v McCLURE, NESBITT MOTOR CO.

Ohio Appeals, 2nd Dist, Franklin Co

No 3358. Decided June 9, 1941

Russ E. Bothwell, Columbus, for plaintiff-appellee.

Arnold, Wright, Purpus & Harlor, Columbus, and Earle Morris, Columbus, for defendant-appellant.

**OPINION**

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The plaintiff's action was one for personal injuries claimed to have been sustained through the negligence of the defendant in the operation of its motor vehicle on a public thoroughfare in Franklin County, Ohio.

The alleged accident and injury occurred on May 3, 1940, at about 4:30 P. M. The plaintiff was riding in the baggage compartment of a Graham coupe automobile owned and operated by Bert Allen.

Mr. Allen was a foreman of a group of men doing road work on Pierce Avenue This street was a one-lane, gravel road, running north and south, intersecting Route No. 40 at a point about two miles east of the city limits of Columbus. At the end of the day's work Allen, as was his custom, was taking three of his employees including plaintiff, to their respective homes. Two of the men, Ralph Norris and Ernest Hosic, were sitting in the front seat, alongside Mr. Allen. The plaintiff, Barton, not having very far to go, got in the baggage compartment under the turtleback, with his back to the rear of the seat and his feet resting on the rear bumper. Highway No. 40, sometimes mentioned as Main Street, at the point where it intersected with Pierce Avenue, was 50 feet in width and had four lanes of traffic, two going each way, east and west. The Allen car moved southwardly on Pierce Avenue to its intersection with Main Street. Route 40 was a main thoroughfare. Pierce Avenue had a "Stop" sign back some 15 feet from the curb line. The Allen car pulled up to the intersection and stopped at or near the stop sign and then slowly proceeded across Route 40, cutting the corner and reaching the south lane of traffic; it proceeded eastwardly a distance variously estimated at 72 to 150 feet, when it was struck in the rear by defendant's wrecking truck, the latter operated by Jack Harrington in the regular course of employment. The right front of the wrecking truck struck the left rear of the Allen coupe, throwing the plaintiff out of the auto on the pavement and turning the coupe completely around and to the south, coming to a stop on the grass and facing westwardly. Plaintiff received injuries the extent of which are in dispute. He was taken to St. Anthony's Hospital, where he remained four days, after which he was returned to his home and remained in bed for a week or two, being taken care of by his wife who was a practical nurse.

The claim of negligence charged against the defendant was set out in the petition under five separately numbered specifications. No evidence was introduced relative to Specification No. 4, and the trial court withdrew No. 4 from consideration of the jury. In substance, these specifications set out the following:

1. That the defendant failed and neglected to keep its motor vehicle under control.

2. That defendant then and there operated its truck at a speed of 55 miles an hour.

3. That at or near said place of collision East Main Street is approximately 50 or more feet wide, and that defendant failed to steer his truck around the auto in which plaintiff was riding and failed and neglected to pass to the left of the coupe although the entire roadway was open to traffic.

5. That defendant's employee failed and neglected to stop its truck within

the assured clear distance ahead, in that said coupe was in full view ahead of defendant's truck and said highway was level and straight and that defendant's driver caused its truck to proceed at an undiminished speed into the rear end of said coupe and knocked said coupe a distance of approximately 25 feet over the south curb of said Main Street.

The defendant in its answer admitted that at about 4:30 P. M. on May 3, 1940, a collision occurred on East Main Street, also known as Route 40, at a point about two miles east of the east limits of the City of Columbus, between a Graham coupe automobile being driven by one Bert Allen and a motor truck belonging to the defendant and being driven by its employee within the scope of his employment, in an easterly direction on Route 40.

Defendant further admits that plaintiff was injured as a result of said collision, but for want of sufficient information denies the nature and extent of the injuries as alleged in plaintiff's petition.

Further answering defendant denies each and every allegation in plaintiff's petition.

The cause came to trial upon the issues joined before one of the Common Pleas Judges of Franklin County, Ohio, and a jury, and resulted in a verdict for the plaintiff in the sum of $4000.00, ten of the jurors signing the verdict. Motion for new trial was interposed, overruled, and judgment entered on the verdict. Within due time notice of appeal was filed whereby the cause was lodged in our Court.

Defendant-appellant's assignments of error are set out in five separately numbered specifications as follows:

"1. The Court erred in admitting, over the objection of defendant-appellant. evidence that plaintiff had sustained a fracture of his skull.

"2. The court erred in refusing to direct a verdict for defendant-appellant at the close of all the evidence.

"3. The court erred in overruling defendant-appellant's motion to withdraw specification of negligence No. 5

from the consideration of the jury, in giving to the jury special request to Charge No. 3 requested by plaintiff-appellee, and in charging the jury in the general charge that the assured clear distance statute was applicable to this case.

"4. The court erred in charging the jury in its general charge that there is a speed limit in Ohio.

"5. The verdict of the jury is excessive."

We will now take up and determine the separately stated assignments of error in the same order as above set forth, and being the same order in which the same are discussed in appellant's brief.

### ASSIGNMENT No. 1.

"The Court erred in admitting, over the objection of defendant, evidence that plaintiff had sustained a fracture of his skull."

The only allegation of the petition as to any head injury was the following: "that he suffered a brain concussion". Doctors Dorn and Miller were each called as witnesses for the plaintiff. X-ray plates had been taken by Dr. Miller and both he and Dr. Dorn interpreted their findings therefrom.

Each, over the objection of the defendant, gave testimony that the X-rays disclosed a fracture to the skull.

Counsel for defendant interposed a motion that the evidence be expunged from the record and the jury instructed not to consider it. This motion was based upon the theory that the petition did not set forth a skull fracture as one of the claimed injuries. Counsel for plaintiff stated to the court in the presence of the jury that no claim for damages was being made for skull fracture, but that the evidence was being offered as supporting the claim of concussion.

We think the Court correctly permitted this evidence to be introduced. It is a matter of common knowledge that brain concussion varies in its extent and effect. We think the evidence

of a skull fracture supports a claim of concussion. The mere fact that a skull fracture might have been set out as an additional claimed injury will not exclude the testimony where it tends to prove an injury that is set out. We have no quarrel with the authorities cited by counsel for appellant to the effect that it is error for the court to admit testimony or charge the jury upon injuries not set out in the petition. These cases cover instances where testimony is directed to injuries having no connection with those set out in the petition. Of course, where injuries are brought out in the testimony which have probative force on claimed injuries set out in the petition, they will not be excluded merely because such injuries might be a basis for damages. Under such instances the objecting party would have a right to have the court instruct the jury that such evidence may not be considered by them as a separate basis for damages, but only as relating to the injury alleged.

In the instant case plaintiff made the statement in the presence of the jury that no claim for damages was made by reason of skull fracture. We find no error under Specification No. 1.

## SPECIFICATION No. 2.

"The Court erred in refusing to direct a verdict for defendant at the close of all the evidence."

It is the claim of counsel for appellant that plaintiff was guilty of contributory negligence as a matter of law by reason of the fact that he was riding in the compartment of the coupe provided for baggage. As heretofore stated, plaintiff was not riding on a seat in the coupe. The accommodation was provided for him by lifting the turtleback up. He then sat on the floor facing backwards, with his feet resting on the rear bumper. We are referred to an unreported case decided by the Court of Appeals of Hamilton County, entitled **Schnurr v Cincinnati Street Ry. Co. (33 Abs 660)**, in which the Court of Appeals reversed the Common Pleas Court awarding judgment to the plaintiff, and a motion to certify in the Supreme Court was overruled on May 7, 1941. We have been able to obtain a copy of the Court of Appeals opinion in the Schnurr case, supra. The facts in the instant case and in the Schnurr case are not similar, except that Schnurr was riding in the baggage compartment of the auto just as in the instant case. In the Schnurr case it appears that there was brought into the record, either through the pleadings or the evidence or possibly both, the fact that within the City of Cincinnati there was a city ordinance against riding in any part of a vehicle not designed for passengers. The Court in commenting on this ordinance then follows with the statement that the conduct of the plaintiff could not be considered as in the exercise of ordinary care for his own safety and then continued further to say:

"We are still required not to consider this phase of the case because of our conception of the whole circumstance."

The Court then proceeds to determine that the uncontradicted evidence in the case did not sustain the claim of negligence against the Street Railway Company, and based its judgment on "The sole proximate cause of the injuries to the plaintiff was, therefore, the negligence of the driver of the automobile."

We are constrained to the view that the cited unreported case does not sustain appellant's position.

Independent of this unreported case we hold that the record in the instant case does not show that plaintiff was guilty of negligence as a matter of law.

The second assignment of error will be overruled.

## ASSIGNMENT No. 3.

"The Court erred in allowing the jury to consider assured clear distance."

We are referred to the case of **Slocumb v Wurst, 25 Abs 477**, being a de-

cision by our court. In this reported case the editors formulated syllabi 1, 2 and 3. In the opinion we made the statement that under the facts of that case the assured clear distance provision of the Code could have no place in a case of intersection collision.

We still adhere to that pronouncement. The difficulty is as ▇▇▇ to its application under the facts of the instant case.

In the case under consideration we have two distinct theories, the plaintiff contending that it was not an intersection collision, and the defendant claiming that it was. The Court properly charged both theories, and in so doing he did not commit error. This is always a plain duty of the Court where two distinct theories are raised through the pleadings and the evidence.

We do not think that there is any supporting evidence that the collision took place within the intersection. Reliable testimony presented on behalf of the defendant gives the point of contact at 73 feet from the intersection. Plaintiff's witnesses place the point of contact still farther east. We find no error under Specification No. 3.

SPECIFICATION No. 4.

"The Court erred in charging the jury in its general charge that there is a speed limit in Ohio."

Counsel in their brief under this specification quote excerpts from the general charge of the court. These excerpts are not all that the Court said under the question of speed. We have examined the charge in its entirety and are unable to find that the Court was in error in what he said to the jury on the question of speed. We are unable to find that the Court said to the jury that there was a speed limit of 45 miles per hour as claimed by counsel for appellant. It may be true that the charge on this particular subject was not as extended as trial courts usually give, but this would be an error of omission, but not an error of commission. Under such a situation it would be the obligation of counsel to request a further charge if it was thought necessary.

SPECIFICATION No. 5.

"The verdict of the jury is excessive."

This is the only ground of error that gives us any concern.

Reviewing courts hesitate to reverse verdicts of a jury and the judgment of the trial court. In the main this is due to the fact that the jury and the trial court have the benefit of seeing and hearing the witnesses and thereby are better able to determine the weight that should be given to the testimony of any and all witnesses.

We are told that it sometimes happens that a trial court finds an easy way out by passing the question on to the reviewing court. We do not mean to infer that such was the situation in the instant case.

Since we are on that subject, we do desire to say for the benefit of all courts that no trial court should ever pass this responsibility, for the obvious reasons that reviewing courts are inclined to accept the judgment of the trial court who heard and saw the witnesses. We are frank to say that we have a feeling that the verdict and judgment is high, but this feeling does not go to the extent that we would feel warranted in overruling the finding of the jury and the court.

We might say further that we have no difficulty in determining under the record that the jury were warranted in finding for the plaintiff and against the defendant.

Finding no prejudicial error, the judgment of the Court of Common Pleas will be affirmed and costs in this court adjudged against the appellant.

Cause is remanded for further proceedings according to law.

Entry may be drawn in accordance with this opinion.

GEIGER, PJ. & HORNBECK, J., concur.